The Chancellor.
The only relief the bill prays for is, that there may be a partition of the land and premises therein described between the parties.
The defendants deny the complainants’ title. If the title in dispute is an equitable one, it is the duty of this court to settle it. If it is a legal title, the court may dismiss the bill, or may retain the cause, and afford the party an opportunity of settling his title at law. Alnat on Partition 101; Bliman v. Brown, 2 Vern. 282; 1 Story’s Eq., note 1, § 650.
I do not understand, however, that the bare denial of the complainants’ title is any obstacle to the court’s proVéeding.VThe defendant must answer the bill, and if he sets up alitle\dverse to the complainant, or disputes the comiplaipants’ title, he must discover his own title, or show wherein the complainants’ title is defective. If when the Atitles are. spread before the court upon the pleadings, the ■court can see that there is no valid legal objection to the complainants’ title, there is no reason why the court should not proceed to order the partition. The first ground taken •by the defendants illustrates this principle.
The defendants, deny that by the deed of conveyance from Benjamin Carman to Theodosia Lucas and Elizabeth ' Carman, the grantees took an estate as tenants in com *281 mon. They were evidently under a misapprehension as to the date of that deed, and supposed that it was subsequent to the act of the 4th of February, 1812. The answer insists that the grantees, by that deed, took as joint tenants. If so, then the complainants have no title, because the pleadings admit that Elizabeth Carman survived Theodosia Lucas, and that the complainants claim title by virtue of this deed under Theodosia Lucas, as her heirs at law. The deed, in fact, hears date several months subsequent to the passage of the act. The act of February 4, 1812, declares, “ that no estate after the passage of the act shall be considered and adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate; that it is the intention of the parties to create an estate in joint tenancy, and notan estate of tenancy in common.” The deed in question grants the estate to Theodosia Lucas and Elizabeth Car-man, their heirs and assigns, for ever. They took the estate, therefore, as tenants in common, and upon the death of Theodosia Lucas, her estate descended to the complainants, as her heirs at law. Upon a question of legal title so plain as this, there can be no propriety in denying the complainants the relief they seek, until they shall establish their title at law.
But there are other serious questions, both of __ of fact, involved in the controversy between thcg?paH|¡ju$?,A-®./) as to the title. Both parties claim under BenL man. The defendants claim and setup an advera sion of more than thirty years. The complainaf-te^nsist that the possession was not adverse, but that i| fendants and those under whom they claim hav< possession the length of time alleged, the possessiorTwaiT not adverse, but wras the possession of a tenant in common, and under the same title by which the complainants claim. Both parties have taken testimony upon this point, and the settlement of it involves important questions of law and fact.
*282 There is another question of controversy. "When Benjamin Carman gave to Theodosia Lucas and Elizabeth Carman a deed for the premises, they executed to him their joint and several bond to secure the payment of six thousand dollars, and to secure its payment executed a mortgage on the premises. The defendants allege that, on the 27th of December, 1822, Benjamin Carman, under his hand and seal, executed a release to Elizabeth Car-man, by which he released to her all actions, rights of actions, and demands whatsoever upon the said bond of $6000, and that, on the 12th September, 1826, while she was in the possession of the premises in controversy, Benjamin Carman, under his hand and seal, assigned and transferred to her the mortgage and mortgaged premises, and that the possession has been held under this mortgage ever.since; that, by the statute, the equity of redemption is barred, and that the estate is absolute in the defendants, who have held under this mortgage for more than twenty years. In answer to this, the complainants say, that the release to Elizabeth Carman operated in law as a release to both obligors; that by it, the debt was extinguished, and that the mortgage being only security for the debt, the release of the debt released the premises for the mortgage, and that, consequently, the subsequent assignment of the mortgage created no title to the mortgage or mortgaged premises as against Theodosia Lucas, under whom the complainants directly claim title.
I have stated enough to show that the complainants are not entitled to a partition until the title is established at law.
I shall retain the bill to give the complainants an opportunity of settling the title at law, if they express a desire to continue the suit for that purpose.